UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Davon William Jenkins, #2015-00003162, ) | C/A No. 5:15-cv-03398-HMH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Florence County Detention Center; ) | |
| Officer Palmer, ) | |
| ) | |
| Defendants. ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Davon William Jenkins ("Plaintiff") alleges that he was seriously injured when forced by Defendant Palmer, a corrections officer, to go down stairs while handcuffed and shackled at Florence County Detention Center ("FCDC"). Compl. 3, ECF No. 1. He alleges that, despite his injuries and his requests for assistance, Defendant Palmer made him get up from the fall and walk to his cell and to the medical area. *Id*. at 4. According to Plaintiff, he was only given some pain medication and a cursory examination without X-rays and, other than "bed rest," he has not been provided with any follow-up therapy or other special care for his ankle/leg injury. He states that he is "still in extraordinary pain." *Id*. at 3. Plaintiff alleges that he is "having back spasm and [his] spine is killing [him]." *Id*. The only relief Plaintiff requests is that this court "summon

Officer Palmer on this lawsuit" and order a "release . . . on personal recognizance bond . . . when [he goes] up for a Bond." *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

The only thing that Plaintiff requests from this court is injunctive relief in the nature of an order to either FCDC or the state court in Florence County to grant him bond on the criminal charges that are currently pending against him and release him from custody. Such relief would require this court to improperly inject itself into the state criminal case and it is not available to Plaintiff because it is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Nivens v. Gilchrist,* 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975); *see also Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). For this court to grant the injunctive relief Plaintiff seeks—release from incarceration and confinement—the court would be required to enjoin the state prosecution. *Younger*, *Cinema Blue*, and *Bonner* prevent this court from providing the relief Plaintiff seeks.

Furthermore, because Plaintiff has not requested any available relief from this court, if this court were to find that Plaintiff's constitutional rights were violated at FCDC[1] without awarding any relief, it effectively would be rendering an advisory opinion. Article III of the United States Constitution does not permit the court to render such advisory opinions. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v.*

---

[1] The court offers no opinion as to the merits of Plaintiff's allegations.

3

*Young*, 55 F. App'x 187, 188 (4th Cir. 2003) (same); *Graham v. Harring*, C/A No. 4:10-2570-DCN-TER, 2010 WL 5644805, at *2 (D.S.C. Dec. 8, 2010), *adopted by* 2011 WL 245661 (D.S.C. Jan. 25, 2011). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, this court cannot infer requests for relief that are not clearly stated in the pleading. As Plaintiff has not requested for available relief in this matter, the Complaint filed in this case is frivolous and subject to summary dismissal.

Finally, the Complaint is also subject to summary dismissal to the extent that Plaintiff names FCDC as a Defendant because FCDC is not a person who may be found liable for constitutional violations under 42 U.S.C. § 1983.[2] FCDC is a building or group of buildings, and it has been held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). As a result, even if Plaintiff had requested available relief in this case, no plausible § 1983 claim is stated against FCDC and the Complaint would still be subject to summary dismissal as to that Defendant.

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Plaintiff appears to allege that his federal constitutional rights were violated at FCDC, and no other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

September 24, 2015                                                      Kaymani D. West
Florence, South Carolina                                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).