IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Davon William Jenkins, #2015-00003162,  )
                                                                                                )
                     Plaintiff,                  )         C.A. No. 5:15-3398-HMH-KDW
                                                                             )
                       vs.                         )         **OPINION & ORDER**
                                                                             )
Florence County Detention Center;        )
Officer Palmer,                               )
                                                                             )
                     Defendants.             )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Davon William Jenkins ("Jenkins"), a state prisoner, proceeding pro se, alleges a violation of 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge West recommends dismissing this case without prejudice. (Report & Recommendation 5, ECF No. 10.) The magistrate judge recommended summary dismissal for two reasons: (1) Jenkins has not stated a valid claim for relief under § 1983 against either defendant, and (2) Jenkins has not stated a valid claim against Defendant Florence

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

County Detention Center ("FCDC"), because the FCDC is not a person who may be found liable for constitutional violations under § 1983.[2] (Id. 3-4, ECF No. 10.)

Jenkins filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Jenkins has raised one specific objection. In regards to Jenkins' claim for relief, the magistrate judge determined that Jenkins had not stated a valid claim for relief in his complaint against either Defendant Officer Palmer ("Palmer") or the FCDC.[3] As a pro se plaintiff, however, Jenkins' pleadings are afforded a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In his complaint, Jenkins' sole request for relief was that he be released on bond, which is not a valid claim for relief under § 1983. (Compl. 5, ECF No. 1.) In his objections, Jenkins now alleges that he is seeking money damages in the amount of $150,000. (Objections 2, ECF No. 12.) Out of an abundance of caution and in light of the liberal construction accorded to pro se pleadings, the court construes Jenkins' objection as

---

[2] FCDC is a building or group of buildings, and it has been held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

[3] The magistrate judge's Report and Recommendation explicitly offered no opinion as to the merits of Jenkins' allegations. (Report & Recommendation 3, ECF No. 10.)

2

a motion to amend the complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure which states that leave to amend "shall be freely given when justice so requires." See Cash v. Anderson, No. CIV.A. 6:12-3542-MGL, 2013 WL 2285953, at *2 (D.S.C. May 23, 2013) (unpublished). Section 1983 provides for money damages. Because Jenkins has now requested money damages, he has stated a claim for relief that is available under § 1983. Based on the foregoing, the court grants Jenkins' motion to amend his complaint.

However, the court finds that Jenkins' remaining objections on the claim against the FCDC are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, after review, the court finds that Jenkins' objections are without merit with respect to the claim against FCDC. Thus, the court concludes the FCDC should be dismissed as a defendant in this case. Based on the foregoing, the court adopts the magistrate judge's Report and Recommendation in part to the extent it is consistent with this order.

Therefore, it is

**ORDERED** that Jenkins' claim against FCDC is dismissed without prejudice. It is further

**ORDERED** that Jenkins' motion to amend is granted. Plaintiff is granted twenty days from the entry of this order to amend his complaint. Upon receipt of the amended complaint, it is referred to the magistrate judge for further proceedings. If Plaintiff does not file the amended complaint within this time period, this case will be dismissed without prejudice.

**IT IS SO ORDERED**.

                    s/Henry M. Herlong, Jr.
                    Senior United States District Judge

Greenville, South Carolina
October 6, 2015

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.